UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

THE SCHOOL BOARD OF
SEMINOLE COUNTY, FLORIDA,

    **Plaintiff,**

v.                                              Case No.: 6:25-cv-00323

H.W.,

    **Defendant.**
_____/

## COMPLAINT

The School Board of Seminole County, Florida ("School Board" or "Plaintiff") hereby files this complaint against H.W. ("Defendant"), seeking judicial review and challenging a Final Order issued by the Florida Division of Administrative Hearings ("DOAH"), and states as follows:

### Introduction

1. This is a claim under the Individuals with Disabilities Education Act, as amended, 20 U.S.C. §1400 *et seq.* ("IDEA") and Rule 6A-6.03311(9)(w), Florida Administrative Code. Through this claim, Plaintiff seeks to challenge and have this Court reverse the Final Order entered on January 2, 2025, by Administrative Law Judge ("ALJ") Sara M. Marken in DOAH Case No. 24-3248E.

## Jurisdiction

2. This Court has jurisdiction pursuant to 20 U.S.C. §1415(i)(2)(A), §1415(i)(3)(A)-(C) and Rule 6A-6.03311(9)(w), Florida Administrative Code.

3. In seeking to challenge and vacate and/or reverse the Final Order, Plaintiff is a party "aggrieved by the findings and decision" of a due process hearing officer within the meaning of the IDEA. 20 U.S.C. §1415(i)(2)(A).

## The Parties

4. Defendant H.W., at all times material, was a minor child and a student enrolled in the School District of Seminole County, Florida.

5. Plaintiff is a district school board responsible for the operation, control, and supervision of all free public schools located in the School District. § 1001.32(2), Fla. Stat. The School Board is vested with the power to sue. § 1001.41(4), Fla. Stat. The School Board is also a "local educational agency" as defined under the IDEA. 20 U.S.C. §1401(19); 34 C.F.R. §300.28.

## Allegations Concerning Defendant's Education

6. Defendant, as a student with a disability enrolled in the School District,[1] received special education and related services pursuant to the IDEA.

---

[1] More detailed information concerning Defendant, including the nature of the student's disabilities, school of enrollment, and copies of filings in the lower

7. In fall 2024, when this dispute arose, Defendant was an eight-year-old student in the first grade enrolled in Wicklow Elementary School, a public school owned and operated by Plaintiff. As a student with complex medical needs, Defendant received his education in a self-contained medical classroom at Wicklow, in which Defendant was one of three students. The classroom was staffed with a teacher certified in exceptional student education, a paraprofessional, and a Licensed Practical Nurse (LPN).

8. The student had a Medical Management Plan prepared in August 2024, from a physician indicating he required a particular level of nursing care to safely attend school, *i.e.*, one-on-one nursing care.

9. Plaintiff staff reviewed the Plan and concluded that the Plan's directives concerning Defendant's health services in school could be provided using the existing classroom staff, a LPN.

10. However, contrary to the evidence presented, the Administrative Law Judge ("ALJ") concluded that in-school medical services for Defendant could only be provided via a one-on-one nurse, which would require an additional staffing allocation beyond the existing classroom LPN.

---

proceeding, will be transmitted to the court as the record on appeal in a manner that preserves Defendant's privacy rights. However, a redacted copy of the Final Order that is publicly available on the Florida Department of Education's website is attached hereto as **Exhibit 1**.

11. The ALJ, in error, determined Plaintiff made no effort to contact the student's physician to seek further clarification or information regarding the physician's directives. Contrary to this finding, the credible testimony introduced at the administrative hearing indicated Plaintiff requested permission to contact Defendant's physician to obtain such clarification, but the parent instructed Plaintiff staff not to contact Defendant's physician.

12. Consequently, ALJ Marken determined that Defendant requires a one-on-one nurse to safeguard Defendant's health and well-being at school and concluded that a failure to provide this level of nursing care constituted a denial of a free and appropriate public education.

13. In the Final Order, ALJ Marken ordered Plaintiff to collaborate with Defendant's treating physician to establish the one-on-one nurse's appropriate certification level. For the first time, as the result of this order to collaborate, Plaintiff had unfettered access to Defendant's physician.

14. Upon collaborating with Defendant's physician following issuance of the Final Order, Plaintiff staff learned from the physician that, in his opinion, the level of medical care provided in Defendant's classroom – a trained LPN tasked with serving three students – would be sufficient for Defendant's needs.

15. Plaintiff seeks to challenge the Final Order on multiple grounds as set forth herein. All conditions precedent to this action have occurred or have been waived.

## Count I
## Review of Final Order under the IDEA

16. The School Board reasserts and incorporates the allegations contained in paragraphs 1-15.

17. The IDEA and Florida law authorize the School Board to bring a civil action in this Court if it is aggrieved by the decision of an Administrative Law Judge. This Court is to receive the records of the administrative proceeding, hear additional evidence at the request of either party and basing its decision on the preponderance of the evidence, grant the relief it determines appropriate. Accordingly, this Court has the power to reverse and vacate the January 2, 2025, Final Order issued by ALJ Marken.

18. Plaintiff submits that ALJ Marken erred and therefore seeks to challenge the findings of fact, conclusions of law, and relief contained in the Final Order. Plaintiff asserts that the testimony, record evidence, and

applicable law do not support the following findings and conclusions set forth in the Final Order:

- That Defendant requires a one-on-one nurse to deliver school health services in order to obtain a free and appropriate public education;

- That Plaintiff failed to seek clarification or additional information from the student's physician concerning his order that the student needed one-on-one assistance; and,

- That Plaintiff violated the Individuals with Disabilities Education Act.

WHEREFORE, the School Board respectfully requests that the Court enter judgement (a) reversing and/or vacating the Final Order; (b) declaring the School Board the prevailing party in the administrative proceeding and in this proceeding; (c) awarding the School Board attorneys' fees and costs; and (d) any other relief this Court deems just and appropriate.

Respectfully submitted this 26th day of February 2025.

*/s/ Terry J. Harmon*
**TERRY J. HARMON**
Florida Bar Number: 0029001
tharmon@sniffenlaw.com
**DESIGNATED LEAD COUNSEL**
*/s/ Amy. J. Pitsch*
**AMY J. PITSCH**
Florida Bar Number: 0338280
apitsch@sniffenlaw.com

**SNIFFEN & SPELLMAN, P.A.**
123 North Monroe Street
Tallahassee, FL 32301

6

Telephone: (850) 205-1996
Facsimile: (850) 205-3004

*Attorneys for Plaintiff, The School Board of Seminole County, Florida*