# STATE OF FLORIDA
# DIVISION OF ADMINISTRATIVE HEARINGS

\*\*,

   Petitioner,

vs.

                         Case No. 24-3248E

SEMINOLE COUNTY SCHOOL
BOARD,

   Respondent.

_____/

## FINAL ORDER

This case came before Administrative Law Judge (ALJ) Sara Marken of the Division of Administrative Hearings (DOAH) for final hearing held via Zoom conference on November 18 and 19, 2024.

## APPEARANCES

For Petitioner:    Stephanie Langer, Esquire
Langer Law, P.A.
15715 South Dixie Highway, Suite 205
Palmetto Bay, Florida 33157

For Respondent:    Stephanie K. Stewart, Esquire
School Board of Seminole County, Florida
400 East Lake Mary Boulevard
Sanford, Florida 32773

## STATEMENT OF THE ISSUE

Whether the School Board failed to provide a free and appropriate education (FAPE) by denying the student one-on-one medical services.

<u>PRELIMINARY STATEMENT</u>

The request for a due process hearing (Complaint) was filed with the School Board on September 4, 2024. The School Board filed the Complaint with DOAH on the same date, and a Case Management Order was also issued. The parties participated in a scheduling conference on September 24, 2024, and agreed to schedule the final hearing for November 18 and 19, 2024.

The due process hearing was held via Zoom conference as scheduled. Petitioner presented the testimony of these witnesses: Petitioner's Father; ██████████, Staffing Specialist; ██████████████, Principal; and ████████████. The parties jointly presented the testimony of the following witnesses: ██████████, Exceptional Student Education (ESE) Teacher; ████ ██████████, School Board Nurse; ██████████, Compliance Coordinator; and ██████████████, Health Services Coordinator. Petitioner's Exhibits 2, 3, 5, 8 through 12, 27, 29, 33, 35, 36, 38, 40, 43, 44, 52, 53, 55, 58, 59, 62, 63, 73 through 76, 81, 82, 84, 86, 87, 89 through 100, and 103 were admitted into evidence. The School Board's Exhibits 1 through 45 and 47 were also admitted.

At the conclusion of the due process hearing, the parties agreed to file proposed final orders 15 days after the School Board filed the Transcript and for the final order to be entered 15 days after the filing of the proposed final orders. The complete Transcript of the due process hearing was filed on December 3, 2024. Proposed final orders were due by December 18, 2024, and the deadline for the Final Order was January 2, 2025. On December 18, 2024, Petitioner requested to extend the proposed final order deadline by one day. The following day, the undersigned issued an Order granting Petitioner's request and extending the final order deadline to January 3, 2025. Both parties filed timely proposed final orders, which were considered in preparing this Final Order.

2

Unless otherwise indicated, all rule and statutory references are to the version in effect at the time of the alleged violations. For stylistic convenience, the undersigned will use male pronouns in this Final Order when referring to Petitioner. The male pronouns are neither intended nor should be interpreted as a reference to Petitioner's actual gender.

<u>FINDINGS OF FACT</u>[1]

1. At the time of the due process hearing, the student was ███ years old, in the ███-grade, and attending ██████████████████████ ██████████████████████. He is eligible for ESE in the categories of Developmentally Delayed (DD), Language Impaired (LI), Other Health Impaired (OHI), and Visually Impaired (VI).

2. The student has a complex medical history, including severe pre-maturity, spastic cerebral palsy, autism spectrum disorder, seizure disorder, adrenal insufficiency, and hydrocephalus. He requires constant monitoring for signs of a potential adrenal crisis, which would demand administering emergency medication.

3. The student receives in-school health services as a related service to safely attend school. His current educational placement is in an ESE self-contained medical classroom.

4. The medical classroom serves students identified with medical needs. These students have impaired cognitive abilities, experience severe mobility impairments, and face significant communication challenges, including being non-verbal. Currently, the classroom has three students. It is staffed with an ESE teacher, ██████████, a paraprofessional, and a Licensed Practical Nurse (LPN).

---

[1] The Findings of Fact do not refer to every witness who testified, but all testimony and all exhibits entered into the record were considered.

5. The daily classroom routine begins with students arriving by bus. While ███████ plays a video, the staff organizes backpacks, retrieves supplies, and labels items. During this time, ███████ also reviews the home communication logs. The class then transitions to breakfast, followed by circle time and academic activities. Afterward, the students have lunch and attend to toileting needs. The day continues with floor time before the students prepare to head home.

6. The School Board Nurse, ███████, trains the classroom staff every school year. Additionally, ███████████ conducted school-wide training to prepare all staff members to respond during a student seizure.

7. The student's individualized education plan (IEP) lists the following supplementary aids and services:

**Supplementary Aids and Services**
34 CFR §§ 300.320(a)(1) and (2), 300.323(d)(2), and 300.324(a)
71 Fed. Reg. 46667

| Description | Amount | Frequency | Location | Initiation | Duration |
|---|---|---|---|---|---|
| Supervision for safety | Daily | Monday - Friday | ESE Classroom / Campus | 05/16/2024 | 05/15/2025 |
| Daily communication report between school and home / home and school | Daily | Monday - Friday | ESE Classroom | 05/16/2024 | 05/15/2025 |
| Assistance with ADLs | Daily | Monday - Friday | ESE Classroom / Campus | 05/16/2024 | 05/15/2025 |
| Health Care Plan | Daily | Monday - Friday | ESE Classroom / Campus | 05/16/2024 | 05/15/2025 |
| Augmentative and Alternative Communication system: e.g., picture symbols, touch selection, voice output device | Daily | Monday - Friday | ESE Classroom / Campus | 05/16/2024 | 05/15/2025 |
| G-Tube Feeding by classroom trained personnel | As needed dependent upon oral intake | daily | ESE Classroom | 08/12/2024 | 05/15/2025 |

8. ███████ detailed class schedule outlines staff responsibilities within the medical classroom. The LPN administers medications, conducts feedings, and flushes G-tubes for all students who require these services.

9. School health services are based on the instructions provided by the student's treating physicians. Without a physician's order, the School Board will not administer medication or provide specific health services. The physician's instructions are detailed in School Board documents, including the Medically Fragile Medical Management Plan (Medical Management Plan) and the Student Prescribed Medication Authorization form.

10. The student has a Medical Management Plan and several medication authorization forms filled out by his physician and signed by his parents. The School Board Nurse, ███████, uses these forms to create several plans that constitute the student's Individual Health Plan. Those include an emergency plan for seizures and adrenal crises.

11. The student's Medical Management Plan, dated August 9, ███, indicates that the student cannot safely attend school without a one-on-one nurse. It adds that "one-on-one nursing [is] required to maintain [a] safe environment and to administer emergency rescue medication, if needed, with no delay. G-tube feeds require one-on-one care to prevent [the] patient from removing [the] tube."

12. Staff testified that they reviewed the Medical Management Plan, but disagreed that the student required a one-on-one nurse. School staff, however, did not contact the student's physician for clarification or additional information. The school did implement the remaining portions of the plan.

13. Subsequently, the parent provided a letter from the same physician supporting the need for a one-on-one nurse. Again, the staff reviewed the document but disagreed that the student required one. The school expressed doubts about the authenticity of the doctor's orders, but took no steps to seek clarification or verify their validity. Despite questioning their authenticity, the school did not attempt to contact the physician, request additional documentation, or conduct any follow-up to ensure the information provided was correct and reliable.

14. The evidence demonstrated that medical services for this student are provided exclusively under the direction of a physician. The treating physician stated that a one-on-one nurse was necessary for the student to attend school safely. Yet the School Board dismissed the directive and made no effort to obtain further information or clarification. Consequently, the student now requires the provision of a one-on-one nurse to safeguard their health and well-being at school.

CONCLUSIONS OF LAW

15. DOAH has jurisdiction over the parties and the subject matter of this proceeding pursuant to sections 1003.57(1)(c) and 1003.5715(5), Florida Statutes, and Florida Administrative Code Rule 6A-6.03311(9)(u).

16. The burden of proof is on Petitioner to prove the claims by a preponderance of the evidence. *See Schaffer v. Weast*, 546 U.S. 49, 62 (2005); *Loren F. v. Atlanta Indep. Sch. Sys.*, 349 F.3d 1309, 1313 (11th Cir. 2003); *Devine v. Indian River Cnty. Sch. Bd.,* 249 F.3d 1289, 1291 (11th Cir. 2001).

17. In enacting the Individuals with Disabilities Education Act (IDEA), Congress sought to "ensure that all children with disabilities have available to them a free appropriate public education that emphasized special education and related services designed to meet their unique needs and prepare them for further education, employment, and independent living." 20 U.S.C. § 1400(d)(1)(A); *Phillip C. v. Jefferson Cnty. Bd. of Educ.*, 701 F.3d 691, 694 (11th Cir. 2012). The statute was intended to address the inadequate educational services offered to children with disabilities and to combat the exclusion of such children from the public-school system. 20 U.S.C. § 1400(c)(2)(A)-(B). To accomplish these objectives, the federal government provides funding to participating state and local educational agencies, contingent on each agency's compliance with the IDEA's procedural and substantive requirements. *Doe v. Ala. State Dep't of Educ.*, 915 F.2d 651, 654 (11th Cir. 1990).

18. To satisfy the IDEA's substantive requirements, school districts must provide all eligible students with FAPE, which is defined as:

> [S]pecial education services and related services that –
>
> (A) have been provided at public expense, under public supervision and direction, and without charge; (B) meet the standards of the State educational agency; (C) include an appropriate preschool, elementary school, or secondary school

6

> education in the State involved; and (D) are provided in conformity with the individualized education program required under [20 U.S.C. § 1414(d)].

20 U.S.C. § 1401(9).

19. Related services are defined as—

> [T]ransportation, and such developmental, corrective, and other supportive services (including speech-language pathology and audiology services, interpreting services, psychological services, physical and occupational therapy, recreation, including therapeutic recreation, social work services, school nurse services designed to enable a child with a disability to receive a free appropriate public education as described in the individualized education program of the child, counseling services, including rehabilitation counseling, orientation and mobility services, and medical services, except that such medical services shall be for diagnostic and evaluation purposes only) as may be required to assist a child with a disability to benefit from special education, and includes the early identification and assessment of disabling conditions in children.

20 U.S.C. § 1401(26).

20. School health services means —

> [S]ervices that are designed to enable a child with a disability to receive FAPE as described in the child's IEP. School nurse services are services provided by a qualified school nurse. School health services are services that may be provided by either a qualified school nurse or other qualified person.

21. In this matter, the un-refuted evidence established that this student requires school health services to access his education. The school health services are provided in accordance with the orders provided by his treating physician. The treating physician included in his orders that the student requires a one-on-one nurse to attend school safely. The School Board disregarded the order because it believed the student's current placement

7

met his medical needs, though it implemented all other portions of the orders and failed to seek clarification or additional information as to why the student required the one-on-one assistance.

22. When additional information is needed to assess a child's special educational needs, a school district may compel an independent medical evaluation. *Shelby v. Conroe Indep. Sch. Dist.*, 454 F.3d 450, 455 (5th Cir. 2006). At the very least, the School Board should have taken that step here. The School Board's denial of one-on-one medical services resulted in a denial of FAPE.

23. If a district court or administrative hearing officer determines that a school district has violated the IDEA by denying that student FAPE, the court shall "grant such relief as the court determines is appropriate." 20 U.S.C. § 1415(i)(2)(C)(iii). In so doing, the court or administrative hearing officer has broad discretion. *Knable ex rel. Knable v. Bexley City Sch. Dist.*, 238 F.3d 755, 770 (6th Cir. 2001); *see also Forest Grove Sch. Dist. v. T.A.*, 557 U.S. 230, 244 n.11 (2009)(observing that 20 U.S.C. § 1415(i)(2)(C)(iii) authorizes courts and hearing officers to award appropriate relief, despite the provision's silence in relation to hearing officers).

24. Such "appropriate" relief may include reimbursing parents for the cost of private replacement therapy; transportation expenses; credit card transaction fees and interest; and, when a trained service provider is unavailable, reimbursement for the time a parent spent in providing therapy personally. *See Bucks Cnty. Dep't of Mental Health v. Pa.*, 379 F.3d 61, 63 (3d Cir. 2004)("[W]e hold that under the particular circumstances of this case, where a trained service provider was not available, and the parent stepped in to learn and performed the duties of a trained service provider, reimbursing the parent for her time spent in providing therapy is 'appropriate' relief"); *D.C. ex rel. E.B. v. N.Y.C. Dep't of Educ.*, 950 F. Supp. 2d 494, 516 (S.D.N.Y. 2013)(awarding reimbursement for transportation costs); *JP v. Cnty. Sch. Bd.*, 641 F. Supp. 2d 499, 506-07 (E.D. Va. 2009) (awarding parents a

reasonable rate of interest to compensate them for tuition payments made on their credit cards, as well as credit card processing fees). Appropriate relief depends on equitable considerations, so that the ultimate award provides the educational benefits that likely would have accrued from special education services the school district should have supplied in the first place. *Reid v. Dist. of Columbia*, 401 F.3d 516, 523 (D.C. Cir. 2005).

25. Guided by the above-stated principles, Petitioner is entitled to a one-on-one nurse to assist him throughout the school day. The undersigned finds insufficient evidence to determine whether the nurse should be an LPN or a Registered Nurse. The School Board must collaborate with the treating physician to establish the nurse's appropriate certification level.

<u>ORDER</u>

Based on the foregoing Findings of Fact and Conclusions of Law, it is ORDERED that the School Board violated the IDEA by failing to provide a one-on-one nurse and is ORDERED to provide a nurse to assist the student within 30 days.

DONE AND ORDERED this 2nd day of January, 2025, in Miami, Dade County, Florida.



SARA M. MARKEN
Administrative Law Judge
DOAH Miami Office

Division of Administrative Hearings
1230 Apalachee Parkway
Tallahassee, Florida  32301-3060
(850) 488-9675
www.doah.state.fl.us

Filed with the Clerk of the
Division of Administrative Hearings
this 2nd day of January, 2025.

COPIES FURNISHED:

Amanda W. Gay, Esquire
(eServed)

Bryce D. Milton, Educational Program Director
(eServed)

Petitioner
(eServed)

William D. Chappell, Acting General Counsel
(eServed)

Stephanie Langer, Esquire
(eServed)

Stephanie K. Stewart, Esquire
(eServed)

Serita D. Beamon, Superintendent
(eServed)

## NOTICE OF RIGHT TO JUDICIAL REVIEW

This decision is final unless, within 90 days after the date of this decision, an adversely affected party:

> a) brings a civil action in the appropriate state circuit court pursuant to section 1003.57(1)(c), Florida Statutes (2014), and Florida Administrative Code Rule 6A-6.03311(9)(w); or
> b) brings a civil action in the appropriate district court of the United States pursuant to 20 U.S.C. § 1415(i)(2), 34 C.F.R. § 300.516, and Florida Administrative Code Rule 6A-6.03311(9)(w).