United States District Court
Middle District of Florida
Orlando Division

The School board of Seminole County, Florida

    Plaintiff,

v.

H.W.,

    Defendant

_____/

Case No: 6:25-cv-00323

## ANSWER

COMES NOW, the Defendant, H.W., by and through the undersigned counsel and hereby files this Answer as follows:

1. The Defendant is without knowledge to admit or deny paragraph 1 and thus demands strict proof thereof.

2. The Defendant admits paragraph 2 for jurisdictional purposes only.

3. The Defendant admits paragraph 3 for jurisdictional purposes only.

4. Admit.

5. The Defendant is without knowledge to admit or deny paragraph 5 and thus demands strict proof thereof.

6. Admit.

7. Admit in part, deny in part. The Defendant admits that he was in the 1st grade in the fall of 2024 and that Wicklow Elementary school is a

1

public school in Seminole County, Florida. The remaining parts of this paragraph are denied and thus demands strict proof thereof.

8. The Defendant is without knowledge to admit or deny paragraph 8 and thus demands strict proof thereof.

9. Denied. Demand strict proof thereof.

10. Admit in part, denied in part. Admit that the Administrative Court found that more support was needed, via a one on one nurse for the student, deny the remaining parts of the paragraph and demand strict proof thereof.

11. Denied. Demand strict proof thereof.

12. Admit.

13. Move to strike, as adding new information that is not a part of the administrative record without a motion and thus denied and demand strict proof thereof.

14. Move to strike, as adding new information that is not a part of the administrative record without a motion and thus denied and demand strict proof thereof.

15. The Defendant is without knowledge to admit or deny paragraph 15 and thus demands strict proof thereof.

16. The Defendant is without knowledge to admit or deny paragraph 16 and thus demands strict proof thereof.

17. The Defendant admits paragraph 17 for jurisdictional purposes only.

18. The Defendant is without knowledge to admit or deny paragraph 18 and thus demands strict proof thereof.

THE DEFENDANT DENIES ALL ALLEGATIONS NOT SPECIFICALLY REFERRED TO ABOVE AND DEMANDS STRICT PROOF THEREOF.

## AFFIRMATIVE DEFENSES

Defendant, H.W., pleads the following affirmative defenses:

### First Affirmative Defense

LACK OF PERSONAL JURISDICTION

H.W. is a eight (8) year old disabled child. H.W. is a minor that cannot be sued by the School Board of Seminole County, Florida. Pursuant to the Federal Rules of Civil Procedure 17(c), C.L. does not have the capacity to be sued. Gonzalez-Gonzalez-Jimenez de Ruiz v. U.S., 231 F.Supp.2d 1187, 1196 (2002)( capacity to sue "speaks to a party's legal qualification, such as legal age, that determines one's ability to...be sued"). A court is obligated to dismiss an action against a defendant over which it has no personal jurisdiction. Posner v. Essex Ins. Co., 178 F.3d 1209, 1214 n. 6 (11th Cir.1999).  Motions to dismiss for lack of personal jurisdiction are governed by the Federal Rule of civil procedure 12(b)(2). A court must dismiss an action against a defendant over which it lacks personal jurisdiction. Smith v. Trans–Siberian Orchestra, 689 F. Supp. 2d 1310, 1312 (M.D. Fla. 2010). The plaintiff cannot establish, by a preponderance of the evidence, that this Court has jurisdiction over the defendant and thus this matter must be dismissed.

**<u>Second Affirmative Defense</u>**

<u>IMPROPER INCLUSION OF ADDITIONAL EVIDENCE IN THE COMPLAINT</u>

The district improperly and without a motion or leave of the court placed new information into the complaint that was not a part of the administrative record, and which is not properly before this court. At paragraphs 13 and 14 of the complaint, the district attempts to place new facts into evidence that are not part of administrative record. This is an improper attempt to redo the administrative hearing and/or improperly influence this court. It can only be described as gamesmanship.

Courts have long held that in a judicial proceeding under the Individuals with Disabilities Education Act (IDEA), a reviewing court is obliged to conduct a modified de novo review, giving "due weight" to the underlying administrative proceedings. <u>Board of Educ. v. Rowley</u>, 458 U.S. 176, 102 S. Ct. 3034, 73 L.Ed.2d 690 (1982); <u>Doyle v. Arlington County Sch. Bd.</u>, 953 F.2d 100, 103 (4th Cir.1991) ("Generally, in reviewing state administrative decisions in IDEA cases, courts are required to make an independent decision based on a preponderance of the evidence, while giving due weight to state administrative proceedings."). In deferring to the Administrative Law Judge ("ALJ"), the district court must receive and thus review "the records of the [state] administrative proceedings." 20 U.S.C. § 1415(i)(2)(B)(i). An appeal is not a second bite of the apple. This Court stands in the same shoes has the administrative court, and reviews the administrative

4

record, unless additional evidence or testimony is presented. <u>Loren F. ex rel. Fisher v. Atlanta Independent School System</u>, 349 F.3d 1309, 1314 (11th Cir. 2003). In this case, no motion to present additional evidence or testimony has been filed. Further, the additional evidence the district is attempting at this late stage, has no bearing on the appeal and whether the administrative court was correct in finding that the district violated the IDEA.

The evidence presented at the administrative hearing determined, by a preponderance of the evidence, that the district always had access to communicate with the defendant's physicians but failed to do so. The statements made at paragraph 13 of the complaint are not supported by the administrative record.

The statements made in paragraph 14 are disputed, false, taken out of context, but even if true would have no bearing on the issues being determined on appeal. This new evidence should not be considered by this court as it is unexamined, self-serving, false, misleading, prejudicial, and most importantly could have been presented during the administrative hearing, but was not, because it is not true. No motion to present new evidence to the court has been filed, and as such no new evidence should be placed in the complaint and must be stricken.

In this case, there has been no motion to present additional evidence or testimony and the district improperly placed such information in the complaint. The Defendant objects to the gamesmanship and moves for paragraphs 13 and 14 to be stricken from the complaint.

## COUNTERCLAIMS

The Defendant/Counter- Plaintiff, D.W., individually and on behalf of H.W., a minor, by and through the undersigned counsel, files these counterclaims against the Plaintiff/Counter-Defendant and alleges as follows:

## PARTIES

1. The counter plaintiff, D.W., is an individual, *sui juris*, who resided in Seminole County, Florida, at all times relevant.

2. The counter plaintiff, H.W., is a minor who has resided in Seminole County, Florida, at all times relevant.

3. The Counter Defendant, SEMINOLE COUNTY SCHOOL BOARD, ("Board" or "District") is a corporate and governmental agency duly empowered by the constitution and statutes of the state of Florida to administer, manage, and operate the Seminole County Public Schools ("SCPS.")

4. The Board receives state and federal funding for the education of children with disabilities.

5. The Board meets the definition of a public entity under 42 U.S.C. § 12131.

## JURISDICTION AND VENUE

6. Jurisdiction for this action vests pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) based upon claims brought under the Individuals with Disabilities Act, 20 U.S.C. § 1400 et seq. ("IDEA") and 42 U.S.C. §§ 1983 & 1988 for violations of D.W. and H.W.'s civil rights; and the District Court's

pendent jurisdiction over the state claims alleged, which arise out of the same operative facts and circumstances.

7. Venue for this action lies pursuant to 28 U.S.C. § 1391(b) in that the Board resides in the judicial district and the cause of action accrued in the judicial district.

**GENERAL ALLEGATIONS**

8. SCPS receives state and federal funding for education.

9. D.W. is the natural parent ("parent") of H.W.

10. H.W. is a student in a Seminole County public school.

11. H.W. is a student who has been identified by SCPS as having a disability and requiring Exceptional Student Educational (ESE) services.

12. Services and placement are determined through an Individualized Education Plan (IEP).

13. H.W. is currently 8 years old.

14. H.W. is a medically-complex child that requires specialized care to ensure his safety.

15. Part of H.W.'s medical needs include emergency rescue medications to be administered at the first sign of symptoms. If H.W. does not receive these emergency medications in time, he is at risk for death.

16. H.W.'s medical doctors advised the family that it would be unsafe for H.W. to continue attending school without a dedicated, one-on-one nurse to assist H.W. with his needs and care.

17. The family made a request to allow a private nurse, paid for by the family, to be allowed to accompany H.W. to school.

18. This request was denied, the district stated that there is a policy that private nurses are "not allowed on school campuses".

19. Upon information and belief, this policy is unwritten and arbitrary applied.

20. A request under the Americans with Disabilities Act (ADA) was then made to provide a reasonable accommodation of this policy.

21. The district had already denied a one to one nurse.

22. The family had the ability to provide the one to one nurse at no cost to the district, so the request was made under the ADA to allow the private nurse to go to school with H.W.

23. The request for an accommodation of this policy under the ADA was also denied.

24. The denial was not reasonable and retaliatory.

25. The request did not impose a financial hardship on the district and was not a fundamental alteration of the school program.

26. Having a private one to one nurse would ensure that the student always has the proper level of support throughout the school day.

27. The district stated that having a private nurse would "disrupt the classroom". But this stated reason is a pretext.

28. The district further stated that a private nurse was not needed because the proper level of support was being provided to the student, but the

8

administrative court disagreed and ordered a one to one nurse to be assigned to the student.

29. Despite this ruling it is unclear if a one to one nurse is being provided.

30. Since the administrative court's ruling was issued, the district has engaged in retaliation and a smear campaign against the family.

31. Including but not limited to creating new policies and procedures that did not exist before, creating unreasonable requirements and new barriers to providing medications and obtaining information from the school staff working with the student and refusing to administer medication when the student was in crisis.

32. Fearing for his safety, the family keeps H.W. on says when they are concerned that H.W. might need medical attention or when H.W. is not feeling well.

33. The district's actions and inactions are consistent with their failure to supervise H.W., which resulted in H.W. being harmed on the bus. On April 22, 2024, H.W., while being transported on a school board bus, was unsupervised and allowed to punch himself repeatedly in the face and nose causing injury to himself.

34. D.W. and H.W. have performed all conditions precedent prior to the filing of the instant action.

35. D.W. has engaged the law firm of Langer Law, P.A. to represent him and is obligated to pay a reasonable fee for their services.

## COUNT I

## **VIOLATION OF TITLE II OF THE AMERICAN DISABILITIES ACT**

36. D.W. and H.W. repeat and reallege the allegations in paragraphs 1 through 35 of the Counterclaim as if fully set forth herein.

37. The district's denial of a request for a reasonable accommodation under the ADA was a violation of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131–12165.

38. The District is a public entity and recipient of federal financial assistance, and is therefore subject to Title II of the ADA.

39. The ADA provides a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities. 42 U.S.C. § 12101(b)(1)&(2).

40. Enactment of the ADA reflected deeply-held American ideals that treasure the contributions that individuals can make when free from arbitrary, unjust, or outmoded societal attitudes and practices that prevent the realization of their full potential.

41. The ADA embodies a public policy committed to the removal of a broad range of impediments to the integration of people with disabilities into society and strengthening the federal government's role in enforcing the standards established by Congress.

42. Dening the request to have a private nurse on campus, paid for by the family, without just cause is a violation of the ADA.

**WHEREFORE**, D.W., individually and on behalf of H.W., request that this court find that the actions of the District violated the Americans with Disabilities Act, issue a permanent injunction allowing the family to have a private nurse on campus with the student, paid for by the family, and further enjoining the district from discriminating against students with disabilities and awarding the Counter-Plaintiffs' attorneys' fees, costs and expenses incurred in this matter and for such further relief as the court deems just and equitable.

## COUNT II

## RETALIATION

43. D.W. and H.W. repeat and reallege the allegations in paragraphs 1 through 35 of the Complaint as if fully set forth herein.

44. Retaliation is prohibited under the ADA. 42 U.S. Code § 12203.

45. The definition of retaliation is found in the implementing regulations of the Americans with Disabilities Act at 28 CFR 36.206.

46. Counter-Plaintiffs allege that the Counter-Defendant's denial of a private nurse and other actions after the ALJ ruled in the family's favor are retaliation for the parents' continued strong efforts to advocate for their child.

47. The decision to deny the request for a one to one nurse and implement new rules just for this family were intentional and done in a strategic effort to push this student and his family from the public school system in retaliation for strong advocacy and success in the due process case.

48. The Counter-defendant's arbitrarily rule changing and selective implementation of certain rules at certain times shows a clear pattern and practice and the animus intent of the Counter-defendant in deciding when to use these rules to make it is difficult as possible to send this child to school safely.

49. The persistent, unnecessary and overly harsh efforts to punish this family establish a clear effort to retaliate pursuant to 34 C.F.R. § 100.7(c).

50. A prima facie case for retaliation consists of four elements: "1) the plaintiff engaged in legally protected activity; 2) the defendant knew about the plaintiff's exercise of this right; 3) the defendant then took an action adverse to the plaintiff; and 4) the protected activity and the adverse action are causally connected."

51. In this case, advocating for H.W. is a protected action, including the filing of a request for a due process hearing and requesting reasonable accommodations under the ADA.

52. In response to this advocacy H.W. and his parents have experienced road blocks with the unreasonable rules changes and implementation of unwritten policies that are ever changing and unknowable and were all done in a cumulative and intentional effort to retaliate for his parents' strong advocacy efforts.

53. The counter-defendant has been deliberately indifferent to the needs of this student and the impact this retaliation has had on the family.

54. The counter-plaintiffs have missed school, time from work, confusion, frustration and embarrassment due to Counter-defendant's retaliatory acts.

**WHEREFORE**, D.W., individually and on behalf of H.W., demand judgment against the Defendant for damages, together with their attorney's fees and costs, and such further relief as the court deems just and equitable.

### COUNT III

### FLORIDA EDUCATIONAL EQUITY ACT

55. D.W. and H.W. repeat and reallege the allegations in paragraphs 1 through 35 of the Complaint as if fully set forth herein.

56. The Florida Educational Equity Act (FEEA) prohibits discrimination against students in the Florida public school system on the basis of race and disability. s. 1000.05, F.S.

57. No person shall be excluded from participation in, be denied benefits of or be subjected to discrimination under any public education program or activity.

58. The discriminatory and retaliatory acts and omissions by the Counter Defendant resulted in the exclusion from participation in, benefits of the public school program.

59. As a result of the Counter Defendant's actions, the Counter Plaintiffs suffered damages.

**WHEREFORE**, D.W., individually and on behalf of H.W., demand judgment against the Defendant for damages, together with their attorney's fees and costs, and such further relief as the court deems just and equitable.

## JURY DEMAND

A TRIAL BY JURY IS DEMANDED FOR ALL ISSUES TRIABLE AS OF RIGHT BY A JURY.

Respectfully submitted this 21st day of April, 2025.

By: s/ *Stephanie Langer*
Stephanie Langer, Esq.
Florida Bar No. 149720
LANGER LAW, P.A.
15715 South Dixie Highway, Suite 205
Palmetto Bay, Florida 33157
Phone (305) 570-0940
Facsimile (305) 204-9602
slanger@langerlawpa.com
admin@langerlawpa.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of April, 2025 a true and correct copy of the foregoing has been filed with the Clerk of the Court by using the E-Filing Portal system which will send notice of electronic filing to all parties and counsel of record, and via electronic mail upon, counsels of record.

By: s/ *Stephanie Langer*
Stephanie Langer, Esq.
Florida Bar No. 149720