UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**THE SCHOOL BOARD OF**
**SEMINOLE COUNTY, FLORIDA,**

   **Plaintiff,**

v.              Case No. 6:25-cv-323-CEM-DCI

**H.W.,**

   **Defendant.**
_____/

**D.W., Individually and on Behalf of**
**H.W., a minor,**

   **Counter-Plaintiffs,**

v.              Case No. 6:25-cv-323-CEM-DCI

**THE SCHOOL BOARD OF**
**SEMINOLE COUNTY, FLORIDA,**

   **Counter-Defendant.**
_____/

**ORDER**

  THIS CAUSE is before the Court on Counter-Defendant's Motion to Dismiss Counterclaim ("Motion," Doc. 20). Counter-Plaintiffs failed to respond, which indicates that the Motion is unopposed. *Foster v. The Coca-Cola Co.*, No. 6:14-cv-2102-Orl-40TBS, 2015 WL 3486008, at *1 (M.D. Fla. June 2, 2015); *Jones v. Bank*

*of Am., N.A.*, 564 F. App'x 432, 434 (11th Cir. 2014); M.D. Fla. R. 3.01(c). As set forth below, the Motion will be granted in part and denied in part.

## I. BACKGROUND

H.W. is an eight-year-old student in the Seminole County public school system. (Answer and Countercl., Doc. 14, at 7). He also has a disability that requires individualized care. (*Id.*). Counter-Plaintiffs, H.W. and his parent D.W., allege that his doctors advised he requires a one-on-one nurse while at school. (*Id.*). Counter-Defendant denied their requests, citing a policy that private nurses were not allowed on school campuses, and maintained H.W. was receiving an adequate level of care. (*Id.* at 8–9). However, a state Administrative Law Judge ("ALJ") disagreed, ordering Counter-Defendant provide H.W. a one-on-one nurse. (*Id.* at 9). Counter-Defendant did not and appealed the ALJ's ruling. (*Id.*; *see* Compl., Doc. 1). Counter-Plaintiffs bring the following counterclaims: Count I for violation of Title II of the Americans with Disabilities Act ("ADA"); Count II for ADA retaliation; and Count III for violation of the Florida Educational Equity Act ("FEEA"), Fla. Stat. § 1000.05. Counter-Defendant moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. LEGAL STANDARD

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.

8(a)(2). Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." In determining whether to dismiss under Rule 12(b)(6), a court accepts the factual allegations in the complaint as true and construes them in a light most favorable to the non-moving party. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269 (11th Cir. 2009). Nonetheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Ordinarily, in deciding a motion to dismiss, "[t]he scope of the review must be limited to the four corners of the complaint." *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002).

### III.  ANALYSIS

Counter-Defendant argues that both Counter-Plaintiffs fail to state a claim as to Count I and that D.W. lacks standing in his individual capacity under that Count.

Because the standing argument advanced by Counter-Defendant is that D.W. cannot bring a claim under the ADA when he has not alleged that he is himself disabled or otherwise covered by the Act, the "standing" referenced here is not Article III standing. It is an argument that D.W. has not, and cannot, state a claim.

"To state an ADA claim under either Title II of the ADA or § 504, a plaintiff must establish three elements: '(1) that he is a qualified individual with a disability; (2) that he was either excluded from participation in or denied the benefits of a public entity's services, programs, activities, or otherwise discriminated against by the public entity; and (3) that the exclusion, denial of benefit, or discrimination was by reason of the plaintiff's disability.'" *Karantsalis v. City of Mia. Springs, Fla.*, 17 F.4th 1316, 1322 (11th Cir. 2021) (quoting *Silberman v. Mia. Dade Transit*, 927 F.3d 1123, 1134 (11th Cir. 2019)). At the outset, a plain reading of the statute reveals the cause of action in Title II of the ADA does not extend to D.W. because he has not alleged that he is a qualified individual with a disability. *See Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 129 ("[A] statutory cause of action extends only to plaintiffs whose interests 'fall within the zone of interests protected by the law invoked.'" (quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984)).

Moving now to whether H.W. can state a claim. Previously, "to prove discrimination in the education context, something more than a mere failure to provide the 'free appropriate education' required by" the Individuals with

Disabilities Education Act ("IDEA") had to be shown." *J.S., III by & through J.S. Jr. v. Hous. Cnty. Bd. of Educ.*, 877 F.3d 979, 985–86 (11th Cir. 2017) (cleaned up) (quoting *Sellers v. Sch. Bd. of City of Mannassas, Va.*, 141 F.3d 524, 529 (4th Cir. 1998)). Counter-Plaintiffs were required to show "some bad faith or gross misjudgment by the school or that [H.W.] was discriminated against solely because of [his] disability." *Parnes v. Orange Cnty. Sch. Bd.*, 751 F. Supp. 3d 1283, 1290 (M.D. Fla. 2024). Counter-Defendant only argues Count I fails because Counter-Plaintiffs' allegations fall short of this. But the law has since changed.

The Supreme Court recently "granted certiorari to resolve the disagreement in the Courts of Appeals over whether schoolchildren bringing ADA and Rehabilitation Act claims relating to their education must make this heightened showing of 'bad faith or gross misjudgment.'" *A.J.T. by & through A.T. v. Osseo Area Sch., Indep. Sch. Dist. No. 279*, 145 S. Ct. 1647, 1654 (2025). The Court held "that those challenges do not include having to satisfy a more stringent standard of proof than other plaintiffs to establish discrimination under Title II of the ADA and Section 504 of the Rehabilitation Act." *Id.* at 1659. Counter-Defendant has not met its burden, at this stage, to dismiss Count I in its entirety. Thus, Count I will be dismissed with respect to D.W.'s individual claim only.

Next, Count II. "To establish a *prima facie* case for retaliation under the ADA, 'a plaintiff must show that (1) [he] engaged in a statutorily protected expression;

(2) [he] suffered an adverse . . . action; and (3) the adverse action was causally related to the protected expression.'" *Atchison v. Bd. of Regents of the Univ. Sys. of Ga.*, 802 F. App'x 495, 503 (11th Cir. 2020) (alterations in original) (quoting *Shotz v. City of Plantation*, 344 F.3d 1161, 1180 (11th Cir. 2003)). Counter-Defendant argues that Counter-Plaintiffs cannot satisfy the latter two elements. But the entirety of this argument attacks only the allegations made within Count II itself not the general allegations that are also incorporated into Count II.

Counter-Plaintiffs allege that Counter-Defendant "engaged in . . . a smear campaign against the family" and has been "creating new policies and procedures that did not exist before, creating unreasonable requirements and new barriers to providing medications and obtaining information from the school staff working with the student and refusing to administer medication when the student was in crisis." (Doc. 14 at 9). They also allege these actions only occurred after the Counter-Plaintiff's sued and the ALJ's unfavorable decision. (*See id.*). Because at this stage the Court must accept the allegations in the Counterclaim as true, Counter-Defendant has failed to meet its burden that Count II should be dismissed.

As for Count III, the FEEA provides that "[n]o person may be 'excluded from participating in, denied the benefits of, or be subjected to discrimination under any

public K-20 education program'[1] by a public school receiving federal or state financial assistance." *Methelus v. Sch. Bd.*, 243 F. Supp. 3d 1266, 1271–72 (M.D. Fla. 2017) (quoting Fla. Stat. § 1000.05(2)(a)); Fla. Stat. § 1000.05(2)(a) (listing disability as a class protected under the statute). The FEEA "is patterned after Title IX[.]" *Hawkins v. Sarasota Cnty. Sch. Bd.*, 322 F.3d 1279, 1286 (11th Cir. 2003). Thus, Title IX case law also applies here.

The analysis proceeds as follows. "First, the plaintiff must be able to identify . . . a school district official with the authority to take corrective measures in response to actual notice of [the complained of conduct]. Second, the substance of that actual notice must be sufficient to alert the school official of the possibility of the [ ] plaintiff's [injury]. And finally, the official with such notice must exhibit deliberate indifference to the [injury]." *Doe v. Sch. Bd. of Broward Cnty., Fla.*, 604 F.3d 1248, 1254 (11th Cir. 2010) (citations omitted). Here, the allegations in the Counterclaim fail at the first step—Counter-Plaintiffs have not identified a school district official with the authority to take corrective measures. Therefore, Count III will be dismissed.

Finally, although D.W. brings Counts II and III individually as well as on behalf of H.W., it does not appear that D.W. can state a cause of action under either

---

[1] The "K-20 education program" refers to "the Florida Early Learning-20 education system," which includes "the uniform system of free public K-12 schools." Fla. Stat. § 1000.01(4).

statute. Even if that were so, there are no individualized allegations pertaining to D.W., and therefore, Counts II and III will be dismissed for failure to state a claim with respect to D.W. in an individual capacity.

### IV.   CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Counter-Defendant's Motion to Dismiss Counterclaim (Doc. 20) is **GRANTED in part** and **DENIED in part**.

    a. Counts I and II are **DISMISSED without prejudice** with respect to D.W. in his individual capacity.

    b. Count III is **DISMISSED without prejudice**.

**DONE** and **ORDERED** in Orlando, Florida on August 7, 2025.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record